■ BENOIT JOSEPH, Appellant, et al., Plaintiff, v ROCKLAND COACHES, INC., et al., Respondents. [9 NYS3d 878]—

In an action to recover damages for personal injuries, the plaintiff Benoit Joseph appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated May 23, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Benoit Joseph on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Benoit Joseph did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Joseph's claims, set forth in the bill of particulars, that he sustained a serious injury to the cervical region of his spine under either the permanent consequential or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua*, 59 AD3d 614 [2009]), and that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not meet their prima facie burden, it is unnecessary to determine whether the papers submitted by Joseph in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Joseph. Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.